**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12 |
| | ) | Judge Gary L. Lancaster |
| LT. FORTE, *et al.*, | ) | Magistrate Judge Caiazza |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Plaintiff's Complaint be
dismissed because of his failure to prosecute this action.

**II. REPORT**

This action was commenced by the Plaintiff, Anthony Williams
("the Plaintiff" or "Williams") against fifteen present or former
officers/employees of the Pennsylvania Department of Corrections
and various medical personnel. Williams alleges that he is in
danger from other inmates, and that the defendants have refused
to remove him from a cell assignment near the "gang" who are his
"enemies." (Compl., Statement of Facts, at 1). He further alleges
that he refused to enter a cell with three gang members, and that
defendant Forte assaulted him for refusing the order,
consequently injuring the Plaintiff's neck (<u>Id</u>.). Williams also
alleges a lack of treatment for syphilis, and that he was

retaliated against for filing grievances with respect to the assault and the lack of medical treatment (Id.). For the reasons set out in this Report, it is recommended that the Plaintiff's Complaint be dismissed because of his failure to prosecute this action.

Williams first filed this action on January 5, 2004. On March 31, 2004, a Report was filed recommending that Williams' petition to proceed in forma pauperis be denied because he had six prior lawsuits dismissed as frivolous. (Doc. 3). The Recommendation was adopted as the opinion of the court on March 30, 2004, and the action was dismissed. (Doc. 5). Williams appealed, and the Court of Appeals reversed, finding that he satisfied the "imminent danger" exception to the three strikes rule (Doc. 8). The case was reopened on June 22, 2005.

Williams was granted permission to proceed in forma pauperis (Doc. 12), and he was directed on October 27, 2005, to:

> provide proper instructions, U.S. Marshal form 285 for service upon each Defendant, along with a completed notice and waiver of summons, and copies of the complaint for each Defendant.

(Doc. 14). The Plaintiff did not comply with the order, and a rule to show cause was issued on November 16, 2005, returnable December 1, 2005, directing him to explain his failure to provide service instructions. (Doc. 17). Williams was granted an extension until December 15, 2005, to show cause, and he ultimately responded by asserting that he had already filed his Complaint. (Doc. 21). Williams' response was clearly non

- 2 -

responsive to the rule, having failed to show cause why he did
not provide the appropriate service documents. This action was
then dismissed, without prejudice, for failure to prosecute on
December 22, 2005. (Doc. 22).

Next, Williams moved for reconsideration, (Doc. 23),
asserting that he attempted to mail the proper forms, but they
were stolen. The court granted the motion on September 14, 2006,
but again directed that Williams file the proper forms and direct
service on the Defendants. The court also indicated that a
failure to provide the proper forms would result in dismissal of
the action. (Doc. 28). On October 16, 2006, the Court received
U.S. Marshal forms 285 for each named defendant  -but Williams
did not forward completed notices and waivers of summons or
fifteen copies of his Complaint  - one for each Defendant.

Williams has twice been directed to provide instructions and
the required documents for service of his Complaint. He has been
given detailed direction with respect to his obligations, and has
failed, for the second time, to fully comply. Specifically, he
has failed to provide the waiver of service forms and he has
failed to include in his submissions copies of his Complaint for
each Defendant.

In determining whether an action should be dismissed as a
sanction against a party, the court must consider six factors.
These factors are as follows:

(1)  The extent of the parties personal responsibility;

- 3 -

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    (3)    A history of dilatoriness;

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith;

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    (6)    The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in Poulis requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Williams. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that the Plaintiff wilfully ignored prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior orders he ignored. With respect to this factor, there appears to be no specific prejudice to the Defendants, other than general delay. Therefore, this factor will not be weighed against Williams. Similarly, factor number six,

the meritoriousness of the claim, will be weighed neither in favor of nor against the Plaintiff.

Turning to factor number three, there is a protracted history of dilatoriness here. Williams has repeatedly been given detailed instructions and has consistently refused to take the actions necessary to move this action forward, responding only in piecemeal fashion. The court recognizes that although Williams has provided service instructions, he still has not provided waiver of service forms nor has he submitted fifteen copies of the Complaint for each of the Defendants.

The court has been more than patient with Williams. He convinced the Court of Appeals that he was under threat of imminent harm so that he could obtain in *forma pauperis* status - yet he has consistently delayed this action by failing to comply with clear, simple court orders. Williams also has alleged that his mail was stolen to avoid the sanction of dismissal. Because of that claim, his reconsideration motion was granted, but still Williams remains noncompliant. This factor weighs heavily against the Plaintiff.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action in forma pauperis it is useless to impose the sanction of attorney fees. Also, because Williams has failed to fully comply with prior orders entered by this court, it appears that he has

- 5 -

no interest in moving this case along expediently. All that being said, the most appropriate action here is dismissal.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b) (1) (B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objection to this Report and Recommendation are due by January 12, 2007. Responses to objections are due by January 22, 2007.

December 28, 2006          s/Francis X. Caiazza
                           Francis X. Caiazza
                           U.S. District Court Judge

cc:
Anthony Williams
AY-6759
SCI Fayette
Box 9999
LaBelle, PA 15450-0999