# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-12 |
| | ) | Judge Gary L. Lancaster |
| LT. FORTE, *et al.*, | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by Defendants Geragi, Williamson, O'Hara, Carnuche, Zaken, Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James, and McConnell (Doc. 72) be granted.

### II. REPORT

Anthony Williams is a state prisoner currently incarcerated in the State Correctional Institution at Smithfiled, located in Huntingdon, Pennsylvania. His complaint, filed pursuant to the provisions of 42 U.S.C. §1983, details several alleged constitutional violations at the hands of Defendants Forte and Ecsedy. Defendants Geragi, Williamson, O'Hara, Carnuche, Zaken, Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James and McConnell have filed a motion to dismiss (Doc. 72) asserting that Williams has failed to allege their personal involvement in any of the asserted constitutional violations. Williams has responded to the motion (Doc. 75).

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when no relief could be granted under any set of facts that could prove consistent with the allegations in the

1

Complaint.  Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986).  The Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007), instructing that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

To state a claim under Section 1983, Williams must demonstrate:  : 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

**B.     Analysis**

Williams makes no factual allegations in his Complaint with respect to Defendants Geragi, Williamson, O'Hara, Carnuche and Zaken.  Moreover, in Williams's response in opposition to Defendants' motion, Williams offers no factual allegations as to these Defendants.  Because there appears to be no set of facts that would state a claim against Defendants Geragi, Williamson, O'Hara, Carnuche and Zaken, their Partial Motion to Dismiss should be granted.

As to Defendants Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James and McConnell, the only allegations in the Complaint against these Defendants are that these supervisory personnel failed to act on complaints made by Williams either through the prison grievance process, or otherwise.  Williams offered no other claims against these Defendants in his opposition brief.  Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility.  Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.*  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988). Rather, under Section 1983, some personal involvement of the supervising official must be alleged. Id.

Supervisory liability for Section 1983 violations can be established by demonstrating that officials participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 n.3 (3d Cir. 1995). A supervising public official has no affirmative duty to supervise or discipline in order to prevent violations of constitutional rights by his or her subordinates. Nonetheless, when a supervising official knowingly permits a continuing custom or policy that results in harm, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). Such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

In this case, Williamsclaims that Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James and McConnell were involved in some way in the grievance review process\ and/or that they failed to act on letters he wrote to them about the alleged misconduct of Defendants Forte and Ecsedy. Liability, however, may not be imposed for an official's involvement in a grievance proceeding. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. FULL DATE 2006) (WHICH JUDGE?) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. September 5, 1997) (concurrence in an administrative appeal process is insufficient to establish personal involvement). Similarly, a failure to respond to a letter of complaint is

insufficient to establish supervisory liability.  Knight v. Simpson, 2008 WL 1968770 at *13 (M.D.Pa. April 3, 2008).  Because Williams's allegations fail to state a claim upon which relief can be granted against Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James and McConnell, dismissal is appropriate under Rule 12(b)(6).

### III. CONCLUSION

The Partial Motion to Dismiss should granted with respect to all claims against Defendants Geragi, Williamson, O'Hara, Carnuche, Zaken, Good, Manson, Stickman, Delie, Ginchreaui, Simpson, James and McConnell.  Plaintiff's claims against Defendants Forte and Ecsedy remain.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 20, 2008.

November 3, 2008                                     s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States Magistrate Judge

cc:
**ANTHONY WILLIAMS**
AY-6759
SCI Smithfield
PO Box 999
Huntingdon, PA 16652

4