IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LT. FORTE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 04-12<br>Chief Judge Gary L. Lancaster<br>Magistrate Judge Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Partial Motion for Summary Judgment (Doc. 121) be denied.

### II. REPORT

Anthony Williams is a state prisoner currently incarcerated in the State Correctional Institution at Smithfield, located in Huntingdon, Pennsylvania. Plaintiff alleges that two employees of the Pennsylvania Department of Corrections, Corrections Officer Joe Ecsedy and Lieutenant Jeffrey Forte, tried to force him into an exercise "cage" with three armed inmates (Doc. 105, ¶ 3). Plaintiff refused to enter the cage, and Forte began to escort Plaintiff back to his cell. Once out of sight of witnesses, Forte allegedly "kicked" Plaintiff down a flight of stairs causing various injuries (Id.).

Plaintiff has filed a Partial Motion for Summary Judgment (Doc. 121). In a declaration attached to the motion, Plaintiff states that he has presented "undisputed facts" supporting his claim that Ecsedy and Forte applied force maliciously and sadistically for the very purpose of causing harm (Doc. 121-1, p. 3).

Defendants have responded to the motion (Doc. 123).  Attached to Defendants' response is, *inter alia*, a statement given by Defendant Forte during the internal investigation of Plaintiff's allegation of assault (Doc. 123-2, p. 19).  Defendant Forte denies that he placed his hands or feet on Plaintiff at any point, and specifically states that he escorted Plaintiff back to his cell from the exercise yard "without incident" (Id.).

### A. Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*." Fed. Rule Civ. Proc. 56(e) (emphasis added).  If the non-moving party cannot so demonstrate the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence, viewed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' " Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

In the prison context, a claim of excessive force is constitutionally actionable when the force used is not "applied in a good faith effort to maintain or restore discipline" but is, instead, applied "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers,

475 U.S. 312, 319 (1986).  The relevant factors for a court to consider are:  (1) the need for the application of force;  (2) the relationship between the need and the amount of force that was used;  (3) the extent of injury inflicted;  (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and  (5) any efforts made to temper the severity of a forceful response.  Id.

### B. Analysis

Plaintiff has provided a declaration stating that Defendant Forte purposefully kicked him down a flight of stairs after trying to force him into an exercise cage with armed inmates. Plaintiff's version of events, if believed by a jury, would clearly support a claim that Forte applied force "maliciously and sadistically for the very purpose of causing harm." Whitley, supra.  Plaintiff has, then, at least facially complied with the requirement that he present facts entitling him to summary judgment on his excessive force claim.

However, because Plaintiff is the moving party, the Court must accept as true the contradictory evidence presented by Defendants.  Lieutenant Forte's statement that he escorted Plaintiff back to this cell "without incident" must be credited by the Court at this juncture. Simply put, the Court cannot resolve the central factual dispute in this case, i.e., whether Plaintiff was "kicked" down a flight of stairs, in the context of this summary judgment motion.  That factual issue must, instead, be resolved at trial where the fact finder can make the necessary credibility determinations.

## II. CONCLUSION

For the foregoing reasons it is respectfully recommended that Plaintiff's Partial Motion for Summary Judgment (Doc. 121) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation are due on or before April 20, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date:   April 6, 2010               s/Cathy Bissoon
                                    CATHY BISSOON
                                    UNITED STATES MAGISTRATE JUDGE

Cc:

ANTHONY WILLIAMS
AY-6759
SCI Smithfield
PO Box 999
Huntingdon, PA 16652